IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

United States Courts
Southern District of Texas
FILED

**NOV 03 2021**

Nathan Ochsner
Clerk of Court

| | | |
|---|---|---|
| CHOU-HSIH "MARTIN" HU | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -V- | § | Civil No. 6:21cv56 |
| | § | JURY DEMANDED |
| INTEPLAST GROUP CORPORATION | § | |
| | § | |
| Defendant. | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

*TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:*

NOW COMES Chou-Hsih "Martin" Hu ("Hu"), Plaintiff, and files this, his Original Complaint, asserting that Inteplast Group Corporation ("Inteplast") subjected him to unlawful race and/or national origin discrimination as well as unlawful retaliation with respect to his employment, in violation 41 U.S.C. § 1981 *et seq.* ("§ 1981") and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

### I.
### PARTIES

1.     Plaintiff Hu is an individual who is a citizen of the State of Texas.

2.     Defendant Inteplast is a business organization formed and/or existing under the laws of Texas. Inteplast is doing business in Texas and its designated registered agent for service of process is: <u>Corporation Service Company *dba* CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA</u>.

---

## II.
## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court under 28 USC § 1331 because this action arises under and presents a federal question pursuant to federal statutes, *i.e.*, § 1981 and Title VII. Defendant is doing business in the State of Texas and this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4.      Venue is appropriate in this Court because the acts giving rise to this case occurred within the geographical jurisdiction area of this Court.

## III.
## FACTUAL ALLEGATIONS

5.      Hu has personal knowledge of all of the following facts.

6.      Hu's race is Asian and his national origin is Taiwanese.

7.      From 2015 until January 7, 2020, Inteplast employed Hu in the position of Project Engineer.

8.      Inteplast employed Hu at its manufacturing plant located in Lolita, Texas, where the events at issue herein occurred.

9.      Over 50% of the persons employed by Inteplast at its Lolita, Texas plant are racially Asian and of Taiwanese national origin.

10.     That over 50% of the persons employed by Inteplast at its Lolita, Texas plant are racially Asian and of Taiwanese national origin is not accidental, but rather is the result of an intentional and purposeful labor strategy on the part of Inteplast.

11.     More specifically, as personally observed by Hu from his direct experience while employed, Inteplast purposefully and intentionally employs a large number of Asian and Taiwanese employees because it believes that Asian and Taiwanese persons tend to be more obedient and subservient in the workplace, thereby permitting their labor to be exploited with respect to terms and conditions of employment, as compared to non-Asians and non-Taiwanese workers.

12. Additionally, as personally observed by Hu from his direct experience while employed, Inteplast's Lolita, Texas plant's geographic location in a relatively sparsely populated South Texas location reinforces its ability to impose onerous employment terms and conditions on its predominantly Asian and Taiwanese workers that non-Asians and non-Taiwanese workers would not accept or tolerate.

13. The manner and means by which Inteplast imposes onerous employment terms and conditions on its predominantly Asian and Taiwanese workers, that non-Asians and non-Taiwanese workers would not accept or tolerate, are manifold and, as both personally observed and directly experienced by Hu himself include, by way of example and without limitation, the following:

14. Hu, along with other Asian and/or Taiwanese employees, was subjected to different terms and conditions of employment than non-Asian and/or non-Taiwanese employees, including (a) repeated and intentional work assignments known by Inteplast's management to be onerous outside of his/their normal job title/duties and requiring impossible to meet standards of performance; (b) being repeatedly subjected to threats as to his/their continued employment, after having relocated to a remote area of South Texas, for inability to consistently execute onerous outside of his/their normal job title/duties and meet the impossible standards of performance expected for such duties; (c) not provided support and guidance that would enable them to adequately complete onerous outside of his/their normal job title/duties and impossible standards of performance; (d) repeatedly and intentionally rating job performance as artificially low and not providing credit for completed assignments.

15. Similarly situated, non-Asian and/or non-Taiwanese employees (a) were not repeatedly assigned to or held accountable for onerous outside of their normal job title/duties and impossible standards of performance, (b) were not repeatedly threatened with their jobs over not meeting job duties and standards of performance; (c) were repeatedly provided support and guidance in completing job duties and standards of performance that were comparatively less onerous, more related to their normal job duties/titles and more realistically performable; and (d) not being subjected to repeated artificially low performance ratings or being denied credit for completion of assignments.

16.     Hu, along with other Asian and/or Taiwanese employees, was repeatedly subjected to harassment and/or an abusive/ hostile work environment as compared to non-Asian and/or non-Taiwanese employees by being repeatedly having his/their jobs threatened as well as bullied and intimidated by management over impossible to meet performance standards, including requests that he/they resign.

17.     Similarly situated, non-Asian and/or non-Taiwanese employees were not subjected to this same pattern or degree of threats, bullying and intimidation as Hu and other Asian and Taiwanese employees.

18.     After several years of enduring the foregoing pattern of treatment, Hu attempted to complain about it to Inteplast's human resources officials on or about November 26, 2019. However, intentionally taking advantage of Hu's imperfect command of the English language (Hu is a native Taiwanese speaker and writer), Inteplast's human resource officials cursorily dismissed his complaint as not relating to anything of a discriminatory nature.

19.     After Hu made his complaint, he was repeatedly asked by Inteplast management officials when he was going to resign, even though he repeatedly replied that he had no intention of resigning.

20.     Finally, in first week of January 2020, Inteplast's human resource director, Brenda Wilson ("Wilson"), gave Hu an ultimatum that he either resign or be terminated for false and pretextual supposed job performance issues. When Hu resisted as to both options, demanded proof of his supposed performance issues and stated he had just, the day prior, submitted another complaint as to his discriminatory treatment, Wilson responded by making clear to him that if he did not accept the severance offered, he would be terminated regardless. Because the severance that Inteplast presented to Hu contained no waiver of any legal claims he possessed against Inteplast and because Inteplast made clear that he would be terminated the next day regardless of whether he accepted the small severance payment presented, Hu accepted the severance as a constructive discharge and his Inteplast employment thereby ceased as of January 7, 2020. But for Hu's race and/or national origin and/or complaints about/opposition to being subjected to unlawful discrimination as described above, Inteplast would not have subjected him to the foregoing adverse employment actions.

---

21.     As a direct and proximate result of Defendant's actions, Hu experienced damages in the form of lost wages as well as mental pain, suffering, and anguish and loss of enjoyment of life damages.

22.     Hu has satisfied all Title VII claim administrative prerequisites, to include the timely filing of a Charge/Complaint of Discrimination with the EEOC/Texas Workforce Commission, and within the requisite right to sue letter time frames, as issued by the EEOC.

IV.

23.     The allegations contained in paragraphs 1 through 22, *supra*, are fully incorporated herein with respect to each and every claim set forth below.

*A. FIRST CAUSE OF ACTION*: TITLE VII – NATIONAL ORIGIN/RACE DISCRIMINATION

24.     Defendant, as described above, unlawfully subjected Hu to national origin and/or racially motivated disparate treatment and/or a hostile and abusive work environment in violation of Title VII.

25.     As a direct and proximate result of Defendant's actions as described above, Hu suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Hu is entitled to and sues Defendant for such actual damages as permitted by law.

26.     As a direct and proximate result of Defendant's actions as described above, Hu suffered damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life.  Accordingly, Hu is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

27.     Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Hu's federally protected rights. Accordingly, Hu is entitled to and sues Defendant for punitive damages in the maximum amount permitted by law.

28.     Hu is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

29.     Hu hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### B. *SECOND CAUSE OF ACTION*: § 1981– RACE DISCRIMINATION

30.     Defendant, as described above, unlawfully subjected Hu to racially motivated disparate treatment and/or a hostile and abusive work environment with respect to his employment/contract in violation of § 1981.

31.     As a direct and proximate result of Defendant's actions as described above, Hu suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Hu is entitled to and sues Defendant for such actual damages as permitted by law.

32.     As a direct and proximate result of Defendant's actions as described above, Hu suffered damages in the form of mental pain, suffering, anguish, and loss of enjoyment of life.  Accordingly, Hu is entitled to and sues Defendant for such compensatory damages.

33.     Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Hu's federally protected rights. Accordingly, Hu is entitled to and sues Defendant for punitive damages.

34.     Hu is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

35.     Hu hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### C. *THIRD CAUSE OF ACTION*: TITLE VII – RETALIATION

36.     Defendant, as described above, unlawfully subjected Hu to retaliation in violation of Title VII.

37.     As a direct and proximate result of Defendant's actions as described above, Hu suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Hu is entitled to and sues Defendant for such actual damages as permitted by law.

38.     As a direct and proximate result of Defendant's actions as described above, Hu

suffered damages in the form of mental pain, suffering, anguish and loss of enjoyment of life. Accordingly, Hu is entitled to and sues Defendant for such compensatory damages in the maximum amount permitted by law.

39.     Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Hu's federally protected rights. Accordingly, Hu is entitled to and sues Defendant for punitive damages in the maximum amount permitted by law.

40.     Hu is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs, and other litigation related expenses as permitted by law.

41.     Hu hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

### D. FOURTH CAUSE OF ACTION: § 1981– RETALIATION

42.     Defendant, as described above, unlawfully subjected Hu to retaliation in violation of § 1981.

43.     As a direct and proximate result of Defendant's actions as described above, Hu suffered actual damages in the form of lost wages, past and future, as well as lost or replacement employment-offered benefits. Accordingly, Hu is entitled to and sues Defendant for such actual damages as permitted by law.

44.      As a direct and proximate result of Defendant's actions as described above, Hu suffered damages in the form of mental pain, suffering, anguish and loss of enjoyment of life. Accordingly, Hu is entitled to and sues Defendant for such compensatory damages.

45.     Defendant's unlawful actions as described above were done with malice and/or with reckless indifference to Hu's federally protected rights. Accordingly, Hu is entitled to and sues Defendant for punitive damages.

46.     Hu is entitled to recover and sues Defendant for his reasonable attorneys' fees, costs,

and other litigation related expenses as permitted by law.

47.    Hu hereby pleads for pre- and post-judgment interest at the highest rate allowed by law.

V.
JURY DEMAND

48.    Plaintiff exercises his right to and requests a trial by jury.

VI.
DAMAGES

For these reasons, and for each cause of action described above, Plaintiff asks for judgment against Defendant for the following:

A.  Lost wages in the form of back pay, including wages and benefits from the time of Plaintiff's termination to time of trial.

B.  Lost wages in the form of front pay, including wages and benefits from the time of trial into the future.

C.  Cost of lost or replacement employment benefits and out of pocket expenses incurred, as a result of the loss of employment-offered benefits.

D.  Mental pain, suffering, anguish and loss of enjoyment of life compensatory damages and, if required, in the maximum amount permitted by law.

E.   Punitive damages and, if required, in the maximum amount permitted by law.

F.  Attorneys' fees and costs.

G.  Pre- and post judgment interest at the maximum rate allowed by law.

H.  Injunctive relief granting notice to employees of any judgment along with notice of their statutory rights to bring similar claims to the US Equal Employment Opportunity Commission and/or respective state agencies.

I.  Injunctive relief for monitoring and reporting of Title VII and/or § 1981 violations.

J.  Injunctive relief requiring training of employees as to the requirements under Title VII and/or § 1981.

K.  Injunctive relief of reinstatement or, alternatively, front pay.

*WHEREFORE*, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and that, following a trial on the merits, Plaintiff receive all relief requested as well as such other and further relief to which he is justly entitled.

Dated: November 2, 2021.

Respectfully submitted,

By: _____
Dale M. Rodriguez
*Texas Bar No. 00788302*
*Florida Bar No. 0780081*

*Attorney in Charge for Plaintiff*

**LAW OFFICE OF DALE M. RODRIGUEZ**
450 Century Parkway, Suite 250
Allen, Texas 75013
Phone: 214-713-4665
Fax:    888-717-7542
dale@dmrlawoffice.com

*CERTIFICATE OF SERVICE*

This is the Original Complaint. Service will be made either by waiver of service or by summons issued by the Clerk of the Court.

Dale M. Rodriguez