United States District Court
Southern District of Texas
**ENTERED**
January 13, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CHOU-HSIH "MARTIN" HU,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00056 |
| | § | |
| **INTEPLAST GROUP CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the December 13, 2024, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Julie K. Hampton. (Dkt. No. 58). Judge Hampton made findings and conclusions and recommended that Defendant's Motion to Enforce Settlement Agreement, (Dkt. No. 51), be granted, but its request for an award of attorney's fees be denied. (Dkt. No. 58 at 1).

Plaintiff Chou-Hsih "Martin" Hu ("Hu") filed an employment discrimination and retaliation complaint against Defendant Inteplast Group Corporation ("Inteplast") in November 2021. (Dkt. No. 1). Jury selection was set to begin on August 12, 2024, but the final pretrial conference and jury trial settings were terminated on August 8, 2024, after Inteplast's counsel agreed to pay Hu's demanded amount of $198,500 in exchange for dismissing the case and a release of Hu's claims against Inteplast. Hu's counsel responded "Yes, we've got a deal." (Dkt. No. 58 at 1–2); (Dkt. No. 51-1). But when Inteplast presented Hu with a written settlement agreement, Hu responded that he would "only sign that document if Inteplast agree[d] to pay him $1,000,000," (Dkt. No.

51-2 at 2), arguing that Inteplast materially altered the terms of the agreement in the written settlement agreement, (Dkt. No. 54 at 2). Inteplast filed a motion to enforce the settlement agreement, (Dkt. No. 51), which Hu opposed, (Dkt. No. 54).

In recommending that Inteplast's Motion be granted, Judge Hampton found that the Parties had "agreed to all necessary material terms to make a settlement agreement and accordingly have an enforceable agreement." (*Id.* at 7). Judge Hampton noted that the "agreement did not need to be reduced to writing to be enforceable under federal law, nor was the agreement being reduced to writing a condition precedent established by the [P]arties," and the evidence—including Hu's lack of explanation in refusing to sign the agreement—did not support Hu's position that the allegedly new terms were material to the agreement. (*Id.* at 7–9). With respect to Inteplast's request for attorney's fees, however, Judge Hampton concluded that because Inteplast did not present its breach of contract claim to Hu before filing its motion to enforce, it is not entitled to attorneys' fees. (*Id.* at 11).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On December 27, 2024, Hu filed three objections. (Dkt. No. 59 at 2–3).[1] First, Hu objects to the finding that "the additional Inteplast proposed terms were not material and there was a valid settlement." (*Id.* at 3–4) (citing Dkt. No. 58 at 5–8). Second, Hu objects to the finding that a "signed agreed settlement document was not a precondition for settlement enforceability." (*Id.* at 4–6)

---

[1]   Inteplast responded in support of the M&R on January 10, 2025. (Dkt. No. 60).

(citing Dkt. No. 58 at 6–8). Finally, Hu objects to the finding that he is "at fault for the settlement not being finalized." (*Id.* at 6–8) (citing Dkt. No. 58 at 2, 8–9).

Under 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Hampton's M&R, (Dkt. No. 58), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2) Defendants' Motion to Enforce Settlement Agreement, (Dkt. No. 51), is **GRANTED**, but its request for an award of attorney's fees is **DENIED**.

It is SO ORDERED.

Signed on January 13, 2025.

                                              **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**